# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RAWN R. MITCHELL, | DOCKET NUMBER |
| Appellant, | DE-4324-14-0583-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 11, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rawn R. Mitchell</u>, Peoria, Arizona, pro se.

<u>Shelley D. Cutts</u>, Phoenix, Arizona, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a GS-6 Claims Assistant and military reservist, applied, but was not selected for, a promotion to a GS-7 Veterans Service Representative (VSR) position. *See* Initial Appeal File (IAF), Tab 1 at 1, Tab 8 at 1. He challenged his nonselection under USERRA with the Office of Special Counsel (OSC) and, after OSC closed out his complaint, appealed the matter to the Board. IAF, Tab 1 at 1, 8. After holding a status conference to clarify the appellant's claims, the administrative judge issued an order and summary of the telephonic status conference setting forth the following USERRA issues that would be resolved at the hearing; specifically, whether the agency violated: (1) 38 U.S.C. § 4311(a) by not selecting the appellant because of his current obligations as a military reservist; (2) 38 U.S.C. § 4311(a) by denying the appellant a benefit of employment—namely, priority consideration—that would have resulted in his selection; and (3) 38 U.S.C. § 4311(b) by not selecting the appellant in retaliation

for his prior USERRA-based appeal in June 2010.[2]  IAF, Tab 8.  At the beginning of the hearing, the administrative judge explained that neither party had objections or corrections to the order summarizing the prehearing conference.  IAF, Tab 13, Hearing Compact Disc (HCD) 1 at 0:34-0:50.[3]  After holding the hearing, the administrative judge denied the appellant's request for corrective action, finding that he failed to meet his burden of proof concerning any of his three USERRA claims.  IAF, Tab 14, Initial Decision (ID).  The appellant has filed a petition for review, challenging only the administrative judge's finding regarding priority consideration.  Petition for Review (PFR) File, Tab 1.  The agency has not responded to the appellant's petition for review.

¶3    The only issue now on review is whether the agency violated 38 U.S.C. § 4311(a) by failing to afford the appellant priority consideration in connection with his January 2014 VSR application.  USERRA provides, in relevant part, that a person who has performed service in a uniformed service shall not be denied any benefit of employment on the basis of that performance of service.  38 U.S.C. § 4311(a).  The administrative judge found, and we agree, that priority consideration, i.e., a noncompetitive selection opportunity, is a benefit of employment that the Board has the authority to consider in this USERRA case.  ID at 9; *see* 38 U.S.C. § 4303(2) (defining "benefit of employment" under USERRA to include "any advantage . . . that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice"); *see also Petersen v. Department of the Interior*, 71 M.S.P.R. 227, 235-36 (1996) (finding

---

[2] Priority consideration is defined in the Master Agreement between the agency and the American Federation of Government Employees as a "bona fide consideration for noncompetitive selection given to an employee as the result of a previous failure to properly consider the employee for selection because of procedural, regulatory, or program violation."  IAF, Tab 12 at 161.

[3] The file names of the six audio files on the hearing compact disc are identical except for the last six characters, which appear to indicate the time at which the recording began.  In this final order, we have cited to the first audio file, ending in 0917 AM, as HCD-1, and the last audio file, ending in 1137 AM, as HCD-2.

legislative history supports an expansive interpretation of "benefit of employment").

¶4 An appellant raising a discrimination claim under 38 U.S.C. § 4311(a) bears an initial burden of proving, by preponderant evidence, that his military status was a substantial or motivating factor in the agency action. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). To establish that his military service was a substantial or motivating factor in an adverse employment decision, an appellant must show that the agency "relied on, took into account, considered, or conditioned its decision" upon his military-related absence or obligation. *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). Discriminatory motivation under USERRA may be reasonably inferred from such circumstantial evidence as temporal proximity between the appellant's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses. *Sheehan*, 240 F.3d at 1014. If the appellant meets his burden, the burden shifts to the agency to prove that legitimate reasons, standing alone, would have induced it to take the same action. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 12 (2012).

¶5 In the instant case, the administrative judge found that the appellant "offered no evidence showing that his status as a veteran or his then current reservist obligations were a substantial or motivating factor in the agency's decision not to afford him priority consideration for [VSR] positions filled in 2014." ID at 8-9. As discussed below, we discern no basis for disturbing this finding.

¶6 First, the record supports the administrative judge's finding that the agency gave the appellant clear instructions explaining how to claim priority

consideration when filing an electronic application in a May 10, 2012 letter. ID at 9. In 2010, the agency gave the appellant ten priority consideration opportunities for use on future promotional opportunities after it discovered that it might not have notified him of ten promotional opportunities that had become available during his active military duty from 2005 to 2009 and for which he met the minimum qualifications. IAF, Tab 10 at 4-5, 7. Also, from 2010 to March 7, 2012, the agency notified the appellant when a qualifying promotional opportunity became available and advised him that, if he wanted his application to be given priority consideration, he should submit a written request with his résumé and application to the human resources (HR) office. IAF, Tab 6 at 46-47, 50-51, 61-62, 73-74, 97-98, 113-14, 124-25. According to the agency, however, after the Office of Personnel Management mandated implementation of the USA Staffing/USAJobs application process, it could no longer accept applications through the HR office. IAF, Tab 10 at 5. As such, the agency revised its process for issuing and tracking priority consideration entitlements. *Id*. In accordance with the new process, on May 11, 2012, the agency sent the appellant notice of a VSR vacancy announcement and a priority consideration letter informing him that, if he wished to receive priority consideration for the position, he must "apply through the regular USA Staffing internal merit promotion announcement process and attach this signed letter to [his] resume/application package." IAF, Tab 6 at 28-29 (underlining in original).[4] In January 2014, the appellant applied

---

[4] It appears that, after issuing the May 10, 2012 priority consideration letter, the agency discontinued notifying the appellant of each qualifying promotional opportunity that became available and that, if he applied, he was eligible to request priority consideration. IAF, Tab 6. After the appellant initiated the instant appeal, an HR specialist met with him in September 2014, to discuss upcoming vacancies and to clarify the process by which he could elect to use his priority consideration opportunities when applying through USAJobs. HCD-1 at 31:18-34:30 (testimony of HR specialist). According to the agency, to avoid confusion about the number of priority considerations remaining, the HR specialist reissued the May 10, 2012 priority consideration letter to the appellant along with six additional priority consideration

for a GS-7 VSR position advertised by the agency but did not attach a copy of a priority consideration letter to his USAJobs application.  IAF, Tab 10 at 7, 11-58. Although the appellant met the minimum qualifications for the VSR position, the merit promotion panel did not find him to be a best qualified candidate and did not refer him to the selecting official.  HCD-1 at 41:25-42:00 (testimony of HR specialist).

¶7      On review, the appellant appears to argue that the agency did not inform him until September 2014, that, to receive priority consideration for a promotional opportunity, he had to attach a copy of a priority consideration letter to his USAJobs application.  *See* PFR File, Tab 1 at 3, 7.  He further contends that the administrative judge failed to consider that the heading on the May 10, 2012 priority consideration letter is different than the headings on all of the others and that the new process for submitting priority consideration letters through USAJobs is not provided for in any policy or under the Master Agreement.  *Id.* at 7.

¶8      The appellant's contentions do not provide a basis for review.  We agree with the administrative judge that the May 10, 2012 letter informed the appellant how to request priority consideration when filing an electronic application and that he failed to follow these instructions when he submitted his 2014 VSR application.  ID at 9.  Insofar as the appellant contends that he did not receive the May 10, 2012 priority consideration letter, he admitted at the hearing that he received the May 11, 2012 email with the May 10, 2012 priority consideration letter attached to it.[5]  HCD-2 at 29:15-30:30; *see* IAF, Tab 6 at 28-29.  Even if the

letters—one for each remaining priority consideration—on September 15, 2014.  IAF, Tab 10 at 7; *see* IAF, Tab 6 at 13-18.

[5]  The list of files attached to the May 11, 2012 email includes one titled "Mitchell - Priority Consideration - VSR - 051012.pdf."  IAF, Tab 6 at 28.  The appellant has not claimed, and we find no reason to suspect, that this attached file was anything other than the May 10, 2012 priority consideration letter provided by the agency.  *See id.* at 28-29.

appellant did not see the attachment to the email, such oversight on his part does not suggest discriminatory motives by the agency.

¶9    Next, we find that the appellant has failed to provide a basis for disturbing the administrative judge's credibility findings.  The administrative judge found that, based on the credible hearing testimony of one of the merit promotion panelists, the panel used a fair method to determine the best qualified candidates for the VSR positions.  ID at 8-9.  The appellant has not provided a reason for disturbing this well-reasoned credibility determination on review.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (declining to disturb the administrative judge's credibility findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶10    Moreover, there is no indication in the record that the appellant made any effort to obtain clarification from the HR office or to request priority consideration, as he had before, by submitting a written request to the HR office, in connection with his 2014 VSR application.  Lastly, although it is unclear why the agency discontinued its practice of notifying the appellant when qualifying vacancies became available and of his eligibility to request priority consideration, we discern no reason to suspect that this change in practice was based, in any way, on the appellant's uniformed service.  We find that, in the absence of any evidence below or on review that his uniformed service was a substantial or motivating factor in the agency's failure to afford him priority consideration for the promotional opportunity at issue, the appellant has failed to prove a violation of 38 U.S.C. § 4311(a).  *See Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 6 (2013) (finding that the appellant failed to meet his burden of proof under USERRA where he provided speculation, but no evidence, that his

uniformed service was a substantial or motivating factor in his nonselection for a vacancy).[6]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

[6] The appellant references the Veterans Employment Opportunities Act of 1998 (VEOA) in his appeal. IAF, Tab 12 at 3. To the extent he wishes to file a VEOA appeal, he may do so with the Board's regional office.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.